STATE OF HAWAI`I, Plaintiff-Appellee,
v.
JOSHUA K. VIERRA, Defendant-Appellant.
No. 28345.
Intermediate Court of Appeals of Hawaii.
February 26, 2008.
On the briefs:
Lars Peterson, deputy public defender, State of Hawai`i, for defendant-appellant.
Daniel H. Shimizu, deputy prosecuting attorney, City and County of Honolulu, for plaintiff-appellee.

SUMMARY DISPOSITION ORDER
By: RECKTENWALD, C.J., WATANABE, and FUJISE, JJ.
Defendant-Appellant Joshua K. Vierra (Vierra) appeals from the judgment entered by the Circuit Court of the First Circuit (the circuit court)[1] on December 5, 2006, convicting and sentencing him, pursuant to a jury verdict, for Burglary in the First Degree, a violation of Hawaii Revised Statutes (HRS) § 708-810(1)(c) (1993).
In urging us to reverse the judgment, Vierra argues that: (1) "[t]he circuit court committed plain error in its instructions to the jury when it failed to define the meaning of an `attendant circumstance' for the jury so that the jury could not properly determine whether the required mens rea for the attendant circumstance element existed;" and (2) "[t]he evidence offered at trial was insufficient to identify [Vierra] as the person having committed the crime."
Upon a thorough review of the record and the briefs submitted by the parties, and having duly considered the issues and arguments raised on appeal as well as the statutory and case law relevant thereto, we conclude that Vierra's arguments are without merit.

I.
Vierra's objection to the circuit court's failure to define the term "attendant circumstance" in the jury instructions was first raised on appeal. In State v. Nichols, 111 Hawai`i 327, 141 P.3d 974 (2006), the supreme court held that where jury instructions are not objected to at trial, the appellant has the initial burden of rebutting "a presumption that unobjected-to jury instructions are correct[.]" Id. at 337 n.6, 141 P.3d at 984 n.6 (2006). In State v. Haili, 103 Hawai`i 89, 79 P.3d 1263 (2003), the supreme court concluded that jury instructions that did not define the term "extreme mental or emotional disturbance" were not erroneous. The supreme court explained:
The Hawai`i Legislature has not defined "extreme mental or emotional disturbance." Accordingly, the circuit courts need not define the term when instructing the jury; instead, the jury is to give the phrase its plain meaning. . . Therefore, the circuit court correctly refused to define "extreme mental or emotional disturbance."
Id. at 108-09, 79 P.3d at 1282-83 (citations omitted).
Based on our review of the record, we conclude that Vierra has not met his burden of rebutting the presumption that the circuit court's jury instructions were correct. The Hawai`i Legislature has not defined the term "attendant circumstance." Therefore, the circuit court was not required to "define the term when instructing the jury; instead, the jury [was] to give the phrase its plain meaning." Id. at 108, 79 P.3d at 1282. We also note that there is no indication in the record that the jurors had trouble understanding and applying the term during their deliberations. Under these circumstances, the circuit court did not plainly err when it did not define the term "attendant circumstance."

II.
In reviewing Vierra's insufficiency-of-the-evidence claim on appeal, we are required to consider the evidence adduced in the trial court "in the strongest light for the prosecution the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Richie, 88 Hawai`i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawai`i 128, 145, 938 P.2d 559, 576 (1997).
There is substantial evidence in the record to support the jury's verdict. We note, for instance, that there is ample direct and circumstantial evidence that: (1) within an hour of the burglary, Vierra was found three blocks from CW's home with CW's missing jade pendant and wallet in his possession; (2) Vierra was found with the same denominations of currency on his person that CW had reported stolen; (3) Vierra matched the description of the burglar that CW gave to Honolulu Police Department officers after the burglary; (4) CW testified about his conversation and encounter with the burglar; (5) CW identified Vierra as the burglar at a "field show-up" conducted by police on the morning of the alleged burglary; (6) CW identified Vierra at trial as the burglar who broke into CW's house; and (7) two police officers testified that after hearing an all-points bulletin (APB) on their police radios about the burglary of CW's home, they spotted Vierra in the vicinity, and when they approached him, Vierra was "sweating[,]" "breathing kind of heavily[,]" "[n]ervous[,]" and wearing the black clothes described in the APB. Although Vierra correctly points out that there was conflicting and inconsistent evidence adduced at trial, it is not the province of an appellate court to "pass upon issues dependent upon the credibility of witnesses." State v. Pulse, 83 Hawai`i 229, 245, 925 P.2d 797, 813 (1996) (brackets and internal quotation marks omitted).

III.
Vierra claims that under the totality-of-the-circumstances test adopted in Niel v. Biggers, 409 U.S. 188, 93 S. Ct. 375 (1972), and State v. Padilla, 57 Haw. 150, 154, 552 P.2d 357, 360 (1976), CW's identification of Vierra was unreliable. Based on our review of the record, we disagree.
The Judgment of Conviction and Sentence filed on December 5, 2006 in the Circuit Court of the First Circuit is hereby affirmed.
NOTES
[1] The Honorable Karl K. Sakamoto presided.